USCA1 Opinion

 

 J u l y 1 2 , 1 9 9 6 United States Court of Appeals For the First Circuit ____________________ No. 95-2106 CARR INVESTMENTS, INC., EDWARD CARR AND RODMAN & RENSHAW, Petitioners, v. COMMODITY FUTURES TRADING COMMISSION AND RICHARD C. DAVIS, Respondents. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF  THE COMMODITY FUTURES TRADING COMMISSION ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Errata Sheet Errata Sheet The opinion of this Court issued on June 24, 1996, is amended as follows: On cover sheet delete "respondents" and insert "respondent Commodity Futures Trading Commission and Jeffrey V. Boxer for ________________ respondent Richard C. Davis." United States Court of Appeals For the First Circuit ____________________ No. 95-2106 CARR INVESTMENTS, INC., EDWARD CARR AND RODMAN & RENSHAW, Petitioners, v. COMMODITY FUTURES TRADING COMMISSION AND RICHARD C. DAVIS, Respondents. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF  THE COMMODITY FUTURES TRADING COMMISSION ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Jeffry M. Henderson with whom Daniel G. Dolan, Jr. and Henderson ___________________ ____________________ _________ & Becker were on brief for petitioners. ________ George G. Wilder, Attorney, with whom Pat G. Nicolette, Acting ________________ ________________ General Counsel, Jay L. Witkin, Deputy General Counsel, and William S. _____________ __________ Liebman, Assistant General Counsel, Commodity Futures Trading _______ Commission, were on brief for respondent Commodity Futures Trading Commission and Jeffrey V. Boxer for respondent Richard C. Davis. ________________ ____________________ June 24, 1996 ____________________ STAHL, Circuit Judge. Appellants Carr Investments, STAHL, Circuit Judge. _____________ Inc. and Edward Carr seek review of an order of the Commodity Futures Trading Commission reversing, as an abuse of discretion, an administrative law judge's decision to award them attorney's fees and costs. Because we find that the Commission's decision was not the product of reasoned decisionmaking, we vacate its order and remand for further consideration consistent with this opinion. I. I. __ Background Background __________ A. The Relevant Facts ______________________ In January 1992, Richard Davis opened a futures and options trading account with Carr Investments, Inc. ("CII"), a commodity futures brokerage firm. Edward Carr was Davis's account executive. In March 1992, Davis gave Carr discretionary authority to trade his account. Over the subsequent months, Davis deposited a total of $66,500 into the account, and Carr actively traded options and futures contracts on Davis's behalf. However, by December 1992, trading losses had exhausted Davis's $66,500 account balance, and the account was closed. Vexed by the loss, Davis filed a reparation complaint with the Commodity Futures Trading Commission ("CFTC" or "the Commission") charging CII and Carr with fraudulently inducing him to open the account, churning, breach of fiduciary duty, and unauthorized trading, all in violation of the Commodity Exchange Act and certain of the -3- 3 Commission's regulations. Davis sought to recover $66,500 in out-of-pocket losses and $78,155 in lost profits. Davis also requested that the case proceed under the Commission's voluntary decisional proceeding, 17 C.F.R. 12.100-.106, and paid the required $25 filing fee, 49 Fed. Reg. 6692 (Feb. 22, 1984).1 A voluntary decisional proceeding is a "no-frills" adjudication by a CFTC Judgment Officer based on the parties' documentary and tangible submissions of proof. Both parties must elect this proceeding for it to apply. 17 C.F.R.  12.26(a). In agreeing to a voluntary decisional proceeding, the parties waive their rights to an oral evidentiary hearing, to a written statement of findings of fact and conclusions of law, to the recovery of attorney's fees and costs, and to appeal the final decision to the Commission.  Id. 12.100(b), 12.105-.106. ___ In their answer, however, CII and Carr elected the Commission's formal decisional proceeding, a "full-blown" adjudication by an administrative law judge ("ALJ") that includes all of the rights waived in a voluntary decisional proceeding. Id. 12.300-.315. At the relevant time, in ___ order to invoke a formal decisional proceeding, the amount of  ____________________ 1. Although the regulations governing reparation proceedings were amended in 1994 to increase the amount of filing fees and the amount in controversy, 59 Fed. Reg. 9637 (Mar. 1, 1994), we cite to the regulations in effect in 1993, when Davis filed his complaint. -4- 4 the claim had to exceed $10,000 and only one of the parties needed to elect it. 49 Fed. Reg. 6630 (Feb. 22, 1984). By electing the formal decisional procedure, respondents had to pay a $175 filing fee. Id. at 6629. Finding these ___ requirements satisfied here, the Commission commenced a formal decisional proceeding and assigned the case to an ALJ.  After considering the evidence presented at an oral evidentiary hearing and the parties' post-hearing memoranda, the ALJ issued his decision. B. The ALJ's Decision ______________________ The ALJ's decision had two principal holdings.  First, the ALJ held that Davis failed to establish CII's and Carr's liability on any of his four claims. Specifically, the ALJ found that Davis had undermined the merits of all but one of his claims (as well as his credibility) by disavowing, at the evidentiary hearing, the key facts alleged in his complaint. The ALJ noted that minutes after Davis's attorney outlined his claims in opening argument, Davis recanted many of them, testifying that Carr had not guaranteed him any profit much less "enormous profits," and that he was aware of the risks associated with options and futures trading. In fact, the ALJ observed, Davis conceded that he was an extremely sophisticated and experienced investor. As for Davis's remaining claim, the ALJ concluded that the record contained no credible evidence of unauthorized trading. -5- 5 Second, citing his discretion under 17 C.F.R.  12.314(c) and CFTC precedent for awarding attorney's fees and costs to a prevailing litigant if the losing party acted in bad faith, the ALJ held that Davis's bad faith in pursuing the action warranted an award of attorney's fees and costs to CII and Carr. The ALJ inferred Davis's bad faith from the following facts: the gross contradictions between the representations in his filings and his testimony at the evidentiary hearing, his contradictory testimony on whether he had in fact read the complaint, his concession that certain of his discovery responses and statements in his complaint were misleading, and his assertion in post-hearing filings of allegations he had repudiated at the evidentiary hearing. Citing the dual purpose of compensating CII and Carr and deterring other complainants from such abusive conduct, the ALJ ordered Davis to pay CII and Carr $19,417.75 for attorney's fees and costs incurred in defending the litigation. C. The CFTC's Order ____________________ Davis appealed the ALJ's decision to the Commission, challenging, inter alia, the "no liability" _____ ____ determination and the propriety of the fee award. After reviewing the parties' appellate briefs and the record below, the Commission issued its order, affirming the ALJ's "no liability" determination but reversing the fee award. In -6- 6 affirming the ALJ's "no liability" determination, the Commission summarily adopted the findings and conclusions of the ALJ. In reversing the fee award, however, the Commission supplied its own analysis, sustaining the ALJ's finding of Davis's bad faith but concluding that the ALJ's fee award was an abuse of discretion because of "four mitigating factors." First, the Commission referred generally to the circumstances under which Davis signed the complaint.  Specifically, the Commission noted that the complaint in the record contained only a faxed copy of the signature page, although there was no evidence that the faxed signature was not in fact that of Davis. Recognizing the ALJ's "strenuous efforts" to determine whether Davis had read the complaint (i.e., the ALJ garnered conflicting testimony from Davis on ____ this issue), the Commission nevertheless concluded that it was reluctant to award attorney's fees and costs "in the absence of Davis's original signature."  Second, the Commission noted the relative culpability of Davis and his attorney. Although it sustained the ALJ's finding of Davis's bad faith, the Commission found that Davis's attorney, not Davis, was responsible for the majority of the problems that the ALJ relied upon in deciding to assess attorney's fees and costs against Davis. Noting that its regulations, unlike Rule 11 of the Federal Rules of Civil Procedure, permit the assessment of attorney's fees and -7- 7 costs against parties only, and not against attorneys, the Commission concluded that assessing fees and costs against Davis was inappropriate because Davis's lawyer was more culpable than Davis. Third, the Commission relied upon the ALJ's inclusion in the fee award of expenses for CII and Carr's hotel, meals, air fare, and taxis. Noting that its case law prohibits the inclusion of travel expenses in an award of costs, the Commission apparently concluded that the ALJ's inclusion of these prohibited expenses undercut the ALJ's decision to grant a fee award. Fourth and finally, the Commission cited the fact that CII and Carr, not Davis, had elected the formal decisional proceeding. Davis, the Commission noted, had requested a voluntary decisional proceeding, in which attorney's fees and costs are not assessable. The Commission concluded that it would be unfair, therefore, to assess attorney's fees and costs against Davis for his misuse of a forum that he had not chosen. Also under this factor, the Commission cited the ALJ's inclusion in the award of CII and Carr's $175 filing fee and transcript fee, costs attributable to their choice of a formal decisional proceeding. -8- 8 II. II. ___ Analysis Analysis ________ CII and Carr appeal the Commission's reversal of the ALJ's decision to award them attorney's fees and costs, arguing that the conclusion that the ALJ abused his discretion is not supported in the Commission's order. The Commission's four "mitigating factors," they argue, are largely irrelevant to whether a fee award should have been assessed and do not establish, either independently or collectively, that the ALJ's decision to award fees was an abuse of his discretion. In so arguing, CII and Carr challenge the Commission's application of the law to the facts. Some question exists in the context of this case as to how a court should review the Commission's decision. For instance, where a decision involves agency expertise, courts generally have applied a deferential "reasonableness" or "rationality" standard of review. See Monex Int'l, Ltd. v. CFTC, 83 F.3d ___ _________________ ____ 1130, 1996 WL 250438, at *3 (9th Cir. May 16, 1996); Morris ______ v. CFTC, 980 F.2d 1289, 1293 (9th Cir. 1992); Malolely v. ____ ________ R.J. O'Brien & Assocs., Inc., 819 F.2d 1435, 1440-41 (8th ____________________________ Cir. 1987); cf. Northeast Utils. Serv. Co. v. FERC, 993 F.2d ___ __________________________ ____ 937, 943-44 (1st Cir. 1993) (holding under "substantial evidence" standard of review that "we defer to the agency's expertise . . . so long as its decision is . . . reached by -9- 9 `reasoned decisionmaking'"). Where agency expertise is not involved, however, courts have reviewed under the more probing de novo standard. See Northeast Utils., 993 F.2d at __ ____ ___ ________________ 944 (holding that "pure" legal errors, those requiring no deference to agency expertise, are reviewed de novo); Morris, __ ____ ______ 980 F.2d at 1293. Because we find that the Commission's decision cannot survive either standard of review, we need not enter this thicket. We will apply the more deferential "reasonableness" standard, and assume arguendo that the ________ decision to reverse the ALJ's fee award for abuse of discretion involved the Commission's expertise. So framed, the issue before us is whether the Commission's conclusion that the ALJ abused his discretion in awarding attorney's fees and costs is the product of reasoned and rational decisionmaking, i.e., whether there is a ____ rational connection between the Commission's conclusion and the reasons it propounded. CFTC precedent establishes that under abuse of discretion review the Commission will not second-guess an ALJ's decision so long as it reflects a reasoned application of the appropriate factors. See In re ___ _____ JCC, Inc., [1992-1994 Transfer Binder] Comm. Fut. L. Rep. _________ (CCH) 26,080, at 41,580 (CFTC May 12, 1994) (reviewing ALJ's decision to award civil monetary sanctions for abuse of discretion); In re Newman, [1990-1992 Transfer Binder] Comm. ____________ Fut. L. Rep. (CCH) 25,356, at 39,191 (CFTC Aug. 6, 1992) -10- 10 (same). Thus, we must ask whether the Commission's discussion of the four mitigating factors rationally explains why the ALJ did not make a reasoned application of the  factors appropriate to the decision whether to award fees and costs. Mindful that the scope of review under this standard is narrow and that a reviewing court should not substitute its judgment for that of the Commission, see Burlington Truck ___ ________________ Lines v. United States, 371 U.S. 156, 168 (1962) (citing as a _____ _____________ fundamental rule of administrative law that "an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself"), we nevertheless find that the four mitigating factors, as relied upon by the Commission in its order, do not provide reasoned support for its conclusion that the ALJ abused his discretion. For its first factor, the Commission listed Davis's failure to file a complaint bearing his original signature and cited two regulations, 17 C.F.R. 12.12, 12.13, as support. Assuming arguendo that these regulations required ________ Davis to file a complaint bearing an original signature, it is nevertheless unclear how Davis's violation of these regulations undermined the ALJ's decision to assess attorney's fees and costs against him. There is no suggestion that the signature on the complaint was not Davis's or that he did not wish to pursue this action. To -11- 11 the contrary, by sustaining the ALJ's findings, the Commission found that Davis had consciously filed and pursued this action in bad faith. Under these circumstances, where the connection between Davis's failure to file a complaint bearing an original signature and the ALJ's abuse of discretion is far from self-evident, the Commission had to do more than cite regulations of questionable applicability.2  This is particularly true where consideration of this factor appears to frustrate the equitable and deterrent purposes of fee awards by insulating from sanctions bad faith complainants who file a copy of the complaint's signature page in lieu of an original.  ____________________ 2. In discussing the first factor, the Commission also made oblique references to the circumstances under which Davis signed the complaint and the ALJ's efforts to determine if Davis had read the complaint and stood behind it. To the extent that the Commission was thereby introducing, albeit unartfully, a factor distinct from the originality of Davis's signature, i.e., the uncertainty of whether Davis read the ____ complaint before signing it, the Commission failed to establish that the ALJ should have separately considered this factor in deciding whether to award fees but did not.  Our review of the ALJ's decision reveals that he in fact relied on Davis's equivocation about whether or not he had ever read the complaint in concluding that Davis pursued this action in bad faith. Therefore, not only can the Commission not complain that the ALJ failed to consider this "factor," the Commission implicitly adopted the ALJ's analysis thereof in sustaining the bad faith findings. Moreover, even if the Commission had not adopted the ALJ's analysis, but had concluded instead that Davis never read the complaint before signing it, this conclusion still would likely have supported a bad faith finding because under CFTC regulations Davis's signature on the complaint was a certification that he had read it, knew its contents, and attested to the truth of its statements. 17 C.F.R.  12.12(b), 12.13(2). -12- 12 Also unclear from the Commission's order is how Davis's lesser culpability relative to that of his attorney, the second factor, undercut the ALJ's decision to assess attorney's fees and costs against Davis. Without elaboration, the Commission simply concluded that because its regulations only envision assessing a fee award against parties and not also against their attorneys, it would be unfair to assess fees against Davis where his attorney was more culpable than he was. The Commission's determination that Davis's attorney was more culpable than Davis, however, in no way negates its finding that Davis was also culpable. CFTC precedent and Regulation 12.314(c) provide that where a losing party to a formal decisional proceeding acts in bad faith, the ALJ may require him to pay his opponent's attorney's fees and costs. See Sherwood v. Madda ___ ________ _____ Trading Co., [1977-1980 Transfer Binder] Comm. Fut. L. Rep. ___________ (CCH) 20,728, at 23,023-025 (CFTC Jan. 5, 1979); see also ___ ____ Scarborough v. Madda Trading Co., [1977-1980 Transfer Binder] ___________ _________________ Comm. Fut. L. Rep. (CCH) 20,841, at 23,448 (CFTC June 11, 1979); 17 C.F.R. 12.314(c). The Commission did not point to any exception for a party who, although he acted in bad faith, did not act as badly as his attorney. To the contrary, CFTC precedent suggests that where, as here, both the party and his attorney acted in bad faith, and the attorney's action caused monetary loss to the opposing party, -13- 13 "the award of attorney fees is perhaps the only adequate remedy" to compensate the opposing party for defending against a frivolous action. Sherwood, [1977-1980 Transfer ________ Binder] Comm. Fut. L. Rep. (CCH) 20,728, at 23,025 n.33 (noting that while the Commission may impose civil monetary sanctions against errant attorneys, those monies are not paid to the opposing party). In light of contrary precedent, the Commission was remiss simply in relying on Davis's attorney's greater relative culpability without also explaining how this greater culpability sufficiently excused Davis's culpability to a degree no longer warranting attorney's fees sanctions. For its third factor, the Commission pointed to the fact that the ALJ improperly included travel expenses in his calculation of the award's costs. In its brief to this court, however, the Commission effectively conceded that the inclusion in the award of prohibited costs did not support its conclusion that the ALJ's decision to award fees and costs was an abuse of discretion, stating that "Fairly read in the context of the opinion as a whole, it is clear that [the third factor] was more in the nature of clarification than a substantive basis for setting aside the award." We agree, and we also extend this concession to a related argument, incorporated in the fourth factor, that the ALJ's inclusion of fees attributable to CII and Carr's choice of the formal decisional proceeding (i.e., the $175 filing fee ____ -14- 14 and the transcript fee) justified its reversal of the entire fee award. Finally, as its fourth factor, the Commission cited the fact that CII and Carr elected the formal decisional proceeding and that Davis had elected a voluntary decisional procedure in which attorney's fees and costs are not assessable. From these facts, the Commission concluded that it would therefore be unfair to assess attorney's fees and costs against Davis for misuse of a forum he did not choose.  In so deciding, the Commission proclaimed that it was not suggesting "that a reparation complainant may completely insulate himself from an award of attorney fees and costs--no matter how frivolous his complaint or how vexatious his subsequent conduct--simply by initially requesting a voluntary decisional proceeding."  While the Commission expressed this sentiment, it failed to explain what was distinctive about Davis's case that made consideration of the request for a voluntary decisional proceeding permissible here. By failing to draw any lines limiting application of this factor to a discrete class of cases or to explain why Davis's situation warranted exception, the Commission did precisely what it rejected: it insulated Davis from attorney's fees and costs solely because he elected the voluntary decisional proceeding. CFTC Regulation 12.314(c), however, provides that attorney's -15- 15 fees and costs are a right associated with the formal decisional proceeding. 17 C.F.R. 12.314(c). It does not take exception for a complainant who, although he elected a voluntary decisional proceeding in his complaint, continued to pursue his action in the reparations forum after the respondent elected a formal decisional proceeding.  Accordingly, where the Commission's consideration of a complainant's choice of a voluntary decisional proceeding contradicts its own stated intention as well as its regulations, it must explain how this factor nonetheless undermined the ALJ's fee award decision. The Commission failed to do so here. In sum, because the Commission's discussion of the four mitigating factors did not rationally explain why the ALJ's fee award decision was not a reasoned application of appropriate factors, we find wholly unreasonable the Commission's conclusion that the ALJ abused his discretion.  In so holding, however, we do not necessarily preclude the Commission from finding that the ALJ abused his discretion in awarding attorney's fees and costs against Davis. We simply require that the Commission supply a reasoned analysis for doing so. Such analysis is notably absent from the present order. -16- 16 III. III. ____ Conclusion Conclusion __________ For the reasons stated above, we vacate the ______ Commission's order and remand for further consideration ______ consistent with this opinion. -17- 17